# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TARA BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) NO. 2:13-CV-4123-FJG | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# ORDER

Currently pending before the Court is defendant State Farm Mutual Automobile Insurance Company ("State Farm's") Motion for Judgment on the Pleadings (Doc. # 10) and State Farm's Motion for a Protective Order and Stay of Deposition (Doc. # 29).

## I. BACKGROUND

Plaintiff Tara Baker and her husband are insured by State Farm under policy #070-1996-E10-25C. This policy provides coverage for medical expenses sustained when an insured is injured in an automobile accident. This coverage is referred to as "MPC" – Medical Payments Coverage. (Aff. Defenses ¶ 43). The insurance policy contains a nonduplication clause which states as follows:

We will not pay any medical expenses or funeral expenses under Medical Payments Coverage that have already been paid *as damages*:

1. Under Liability Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage of any policy issued by the State Farm Companies to you or any resident relative; or

2. By or on behalf of a party who is *legally liable* for the insured's bodily injury.

(Emphasis added).

On December 31, 2011, the Bakers and their minor children were involved in an automobile accident with a third-party driver. The third-party driver admitted to running the red-light. This was confirmed by an eyewitness. (Aff. Defenses ¶ 44). The third-party driver was insured by Allied Property and Casualty Insurance Company. Allied accepted liability for the accident in a telephone call with State Farm on January 3, 2012. (Aff. Defenses ¶ 46). On January 10, 2012, a State Farm representative explained the MPC coverage, including the nonduplication clause to Mr. Baker. In March 2012, the Bakers informed State Farm that they did not intend to forward any medical bills to State Farm. (Aff. Defenses ¶ 48). However, in December 2012, an attorney representing the Bakers made a demand on State Farm for payment of the medical expenses incurred on behalf of Mrs. Baker and the two children. (Aff. Defenses ¶ 49). The Bakers' attorney informed State Farm that the Bakers had settled with the third-party driver. (Aff. Defenses ¶ 50). State Farm informed the Bakers that if they had any medical bills which were not included in the settlement, they could be presented to State Farm for payment. Id. On May 10, 2013, the Bakers filed a two count Complaint, asserting in Count I, a class action claim for Breach of Contract and in Count II, an individual vexatious refusal to pay claim. State Farm filed the instant Motion for Judgment on the Pleadings arguing that under the terms of the policy, it may invoke the nonduplication clause even without a prior judicial determination of fault. State Farm also argues that the failure to pay Mrs. Baker's medical costs cannot be vexatious where no prior case law discusses the nonduplication provision.

## II. STANDARD

"A motion for judgment on the pleadings filed pursuant to Fed.R.Civ.P. 12(c) is examined under the same standard as a motion to dismiss for failure to state a claim." Bullard v. Standard Ins. Co., No. 10-3083-CV-S-GAF, 2010 WL 2545453,*1 (W.D.Mo. June 18, 2010). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005). "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093,1096 (8th Cir.2008)(internal citations omitted).

The Nonduplication provision is an affirmative defense. Because "a defendant bears the burden of proof on an affirmative defense, it is normally not an appropriate

3

basis upon which to grant a motion to dismiss or for judgment on the pleadings. However, '[i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).'" Fry v. Accent Marketing Services, L.L.C., No. 4:13CV59CDP, 2013 WL 2403669, * 4 (E.D.Mo. May 31, 2013)(quoting C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758,764 (8th Cir.2012)).

## III. DISCUSSION

### A. State Farm's Motion for Judgment on the Pleadings

#### 1. Count I – Breach of Contract and Nonduplication Clause

In her Complaint, plaintiff alleges that State Farm breached the terms of its insuring contract with her when it denied coverage for her medical expenses because of the payment she received from Allied Property & Casualty, the insurer for the third-party driver. (Plaintiff's Complaint, ¶¶ 28, 31). Plaintiff states that State Farm is not entitled to invoke the nonduplication clause mentioned above because Allied and its insured expressly denied any legal liability, no legal liability was ever admitted by any party nor found by any court. Thus, plaintiff argues that the "legal liability" of Allied was never established and the amount paid to plaintiff was not paid as "damages." (Id. ¶¶ 31, 32). Plaintiff argues that because the nonduplication clause applies only when the medical expenses have been paid *as damages* on behalf of a party who *is legally liable*, it does not apply in this case and thus State Farm's refusal to pay the medical expenses is a breach of contract. (Id., ¶ 34).

State Farm states that the policy does not require a final judicial determination before the nonduplication provision applies and the Court should find that the

4

nonduplication provision applies and enter judgment on the pleadings in State Farm's favor. In examining the language of the policy, State Farm states that it is useful to see how these terms have been used in uninsured and underinsured motorist cases.

In Oates v. Safeco Ins. Co. of America, 583 S.W.2d 713 (Mo.banc 1979), the Court stated:

> To recover under an uninsured motorist policy, the insured does not need an unsatisfied judgment against the uninsured motorist, . . . but has the burden of proving (1) that the other motorist was uninsured, (2) that the other motorist is legally liable to the insured, and (3) the amount of damages.

Id. at 715 (internal citations omitted). The Court stated that "[t]he second element set out is equivalent to the statutory and contractual requirement that the insured be 'legally entitled to recover.'" In Booth v. Fireman's Fund Ins. Co., 218 So.2d 580,583 (La. 1968), the Court stated, "[w]e interpret the words 'legally entitled to recover' to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." In Mason v. State Farm Mut. Auto Ins. Co., No. 4:09CV1822FRB, 2010 WL 2870667, (E.D.Mo. July 19, 2010), the Court stated "[t]he other motorist's legal liability to the insured refers to the fault, i.e. causal negligence, on the part of the uninsured motorist. . . . As such, for plaintiff to prevail on her uninsured motorist claim against State Farm, she must prove causal negligence or fault on the part of the phantom vehicle." Id. at *5. In Amato v. State Farm Mut. Auto Ins. Co., 213 S.W.3d 202 (Mo.App.2007), the Court stated:

> [t]o recover under an uninsured-motor-vehicle policy, the insured does not need an unsatisfied judgment against the uninsured vehicle's owner and/or operator. . . .However, the insured has the burden of proving that

5

> the other driver was uninsured, that the other driver is legally liable to the insured, and the amount of damages. . . .The legal liability element is equivalent to the contractual requirement that the insured be "legally entitled to recover" . . .The phrase "legally entitled to recover" refers to fault on the part of the uninsured motorist.

Id. at 207 (internal citations omitted). In that case, the plaintiffs had released the other driver and could not obtain a judicially enforceable determination of liability against him. But the court found that "nothing prevented the [plaintiffs] from proving [the other driver's] fault and the resulting damages." Id. Similarly, in Kesterson v. Wallut, 157 S.W.3d 675 (Mo.App.2004), the insured brought an action against State Farm to recover uninsured motorist benefits for injuries she sustained while riding in a car driven by her supervisor. The Court found that if the supervisor's immunity under worker's compensation was a substantive limitation, then the plaintiffs could not bring an uninsured motorist claim against State Farm, but if his immunity was merely procedural, then they could bring their claim. The Court found that "[r]egardless, they are not required to first assert a tort claim against [the supervisor], nor to obtain a judgment against him." Id. at 686.

Plaintiff argues that the cases of State ex rel. Sago by and through Sago v. O'Brien, 827 S.W.2d 754 (Mo.App.1992) and Lewis v. State Farm Mut. Auto. Ins. Co., 857 S.W.2d 465 (Mo.App. 1993), require that there have been a prior determination of damages. Plaintiff states that because she settled with the third-party driver and his insurer, there has not been and will not be a determination that she is legally entitled to recover from the other driver. In Lewis, the Court stated, "[f]or an insured to be legally entitled to collect, there must be a prior, judicially enforceable determination of liability and damages." Id. at 467. Plaintiff assumes that this determination must occur in a

6

prior, separate proceeding. However, the cases do not support this limitation. For example, in <u>Amato</u>, 213 S.W.3d 202, the court noted that the [plaintiffs] had released the other driver and could not obtain "a judicially enforceable determination of liability and damages against [the other driver]. But, that being said, nothing prevented the [plainitffs] from proving [the other driver's] fault and the resulting damages." <u>Id</u>. at 207. In that case, the plaintiff introduced evidence of the other driver's fault and of their damages, but the jury did not find the other driver at fault. Similarly, in <u>Kesterson</u>, the Court noted that the plaintiffs were "not required to first assert a tort claim against [the driver], nor to obtain a judgment against him." <u>Id</u>. 157 S.W.3d 686.

Thus, the Court finds that based on the Missouri case law, it is possible that the nonduplication provision may apply, if it can be shown that the third-party driver was legally liable to the Bakers. The case law does not require that the Bakers sue the third-party driver in a separate action nor obtain a prior judgment against the third-party driver. Thus, the fact that the Bakers settled with the third-party driver and provided his insurance company with a release does not prevent application of the nonduplication clause. However, at this stage of the case, the Court cannot say as a matter of law that the nonduplication clause applies, because this is an issue that must await further factual development. Thus, because the Court cannot state definitely at this time that the nonduplication clause applies, the Court finds that plaintiffs have stated a plausible claim for a breach of contract. Accordingly, defendant's Motion for Judgment on the Pleadings on Count I is hereby **DENIED.**

**2. Count II – Vexatious Refusal to Pay**

State Farm states that in order to recover for vexatious refusal to pay, a party must

show, "(1) [the party] had an insurance policy with [the insurer]; (2) [the insurer] refused to pay; and (3) [the insurer's] refusal was without reasonable cause or excuse." State Auto Prop. & Cas. Ins. Co. v. Loehr, No. 4:06CV01427FRB, 2007 WL 2767340 (E.D.Mo. Sept. 19, 2007). State Farm argues that an insurer's refusal of coverage is not vexatious where the insurer properly investigated the claim promptly responded and explained its decisions. State Farm argues that there are no prior Missouri decisions which construe the phrase "legally liable" in the context of an MPC nonduplication provision and the cases which have addressed it in the context of an uninsured or underinsured insurance policy have not required a prior judicial determination of fault.

In response, plaintiff states that the question of whether State Farm's refusal to pay was without reasonable cause or excuse remains to be resolved through discovery. As the parties have not yet initiated discovery, plaintiff argues that this is a claim which is more properly addressed in a summary judgment motion.

The Court agrees and finds that at this early stage of the litigation, accepting all facts pled by the non-moving party, and granting all inferences in plaintiff's favor, it cannot be said as a matter of law that State Farm's denial of the Baker's claim was not vexatious. Accordingly, State Farm's Motion for Judgment on the Pleadings on Count II is hereby **DENIED**.

**B. Motion for a Protective Order and Stay of Deposition**

On November 5, 2013, defendant moved the Court for entry of an order staying the deposition of its corporate representative pending resolution of the Motion for Judgment on the Pleadings. As the Court has now ruled on the motion, the Court hereby **DENIES** the Motion for a Protective Order and Stay of Deposition as **MOOT** (Doc. # 29).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant State Farm's Motion for Judgment on the Pleadings (Doc.# 10) and **DENIES AS MOOT** State Farm's Motion for a Protective Order and Stay of Deposition (Doc. # 29).

Date:  November 8, 2013             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                    Chief United States District Judge