# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TARA BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:13-CV-4123-FJG |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is the Stipulation of Dismissal filed by the parties on December 30, 2013 (Doc. # 37). The Stipulation states that having settled this case, the parties stipulate and agree that the claims of Tara Baker in this case be dismissed *with* prejudice and that claims asserted on behalf of the absent class members are dismissed *without* prejudice[1].

Accordingly for good cause shown, the claims of plaintiff Tara Baker in this case are hereby **DISMISSED WITH PREJUDICE** and the claims asserted on behalf of the absent class members are hereby **DISMISSED WITHOUT PREJUDICE**.

Date: January 17, 2014  **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  United States District Judge

---

[1] The Court notes that no action taken on behalf of the plaintiff or her counsel can bind the absent class members. See Standard Fire Ins. v. Knowles, 133 S.Ct. 1345,1349, 185 L.Ed.2d 439 (2013)("a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified."). The Court would also note that Court approval of this settlement is not necessary as the 2003 Amendments to Fed.R.Civ.P. 23 clarified that approval is required "only if the claims, issues or defenses of a certified class are resolved by settlement, voluntary dismissal or compromise." See Rule 23 (e)(1)(A) advisory committee's notes to 2003 Amendments.